UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
OCT 29 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Michael Idrogo, )
)
    Plaintiff, )
)
v. ) Civil Action No. 10 1854
)
)
Martha N. Johnson *et al.*, )
)
    Defendants. )

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case under 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of a complaint upon a determination that it is frivolous or fails to state a claim upon which relief may be granted).

Plaintiff is a resident of San Antonio, Texas, suing under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 *et seq.*, the Constitution and various federal criminal statutes. He "files this Qui Tam complaint against planning, costs, contracts, agreements, transfers, etc. in regards to the construction and/or operation of a new Federal courthouse in San Antonio." Compl. at 2. Plaintiff also accuses the San Antonio Police Department and a "congressman," Charles Gonzalez, of corrupt activity and "demands their criminal prosecutions." *Id.*

The FCA authorizes private persons to bring actions in the name of the Government against persons who have violated § 3729 by either filing a false claim or having defrauded the Government with respect to claims or Government property in certain other ways. *See* 31 U.S.C. § 3730(b). Because an FCA complaint is predicated on fraud, the plaintiff must comply with the special pleading requirement of Fed. R. Civ. P. 9(b) by stating "with particularity the

circumstances constituting fraud or mistake." *Id.*; *U.S. ex rel. Totten v. Bombardier Corp.*, 286 F.3d 542, 551-52 (D.C. Cir. 2002). "The circumstances that must be pleaded with specificity are matters such as the time, place, and contents of the false representations," *Totten*, 286 F.3d at 552 (citation and internal quotation marks omitted), and the "individuals allegedly involved in the fraud." *U.S. ex rel. Williams v. Martin-Baker Aircraft Co., Ltd.*, 389 F.3d 1251, 1256 (D.C. Cir. 2004). Plaintiff's conclusory allegations do not satisfy the foregoing pleading requirement. In addition, an FCA claim cannot be prosecuted *pro se*. *See U.S. ex rel. Lu v. Ou*, 368 F.3d 773, 775 (7th Cir. 2004) ("[T]he same policy that forbids litigants . . . to be represented by nonlawyers. . . is applicable to qui tam suits." (citation omitted); accord *U.S. ex rel. Fisher v. Network Software Associates, Inc.*, 377 F. Supp. 2d 195 (D.D.C. 2005); *U.S. ex rel. Rockefeller v. Westinghouse Electric Co.*, 274 F. Supp. 2d 10 (D.D.C. 2003).

As to the remaining claim for a criminal prosecution, the criminal statutes as a general rule do not authorize a private cause of action. *See Keyter v. Bush*, 2004 WL 3591125, *2 (D.D.C. Aug. 6, 2004) (citing 28 U.S.C. § 547(1)) (stating that the United States Attorney "shall prosecute for all offenses against the United States.") (other citations omitted). Furthermore, plaintiff's allegations as a whole present the type of fantastic or delusional scenarios warranting dismissal of the complaint under 28 U.S.C. § 1915(e)(2) as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994). A separate Order of dismissal accompanies this Memorandum Opinion.

United States District Judge

Date: October 26, 2010